SAMUEL, Judge.
This is a suit on two building contracts instituted by the contractor against a lessee who ordered the work and the owners of the building involved. Prior to trial the owners were dismissed from the suit on exceptions and by stipulation. The lessee, Michaels, hereinafter referred to as “defendant”, answered and reconvened for damages. After a jury trial requested by the defendant, there was judgment on the main demand in favor of plaintiff for $939.00, $96.00 less than the amount sued for, and judgment on the reconventional demand, also in favor of the original plaintiff, dismissing the recon-ventional demand. Defendant has appealed. Plaintiff seeks only an affirmation of the judgment.
Three separate contracts were entered into by the litigants on October 16, October 29 and October 30, respectively. The first contract was for the installation of a steel beam at a price of $1,070.00, the second was *579 also for the installation of a steel beam at a price of $839.00, and the third was for the installation of a partition and certain other minor work for a price of $196.00. Plaintiff completed the work under the first contract and was paid in full therefor. It had completed work under the second contract and almost completed work under the third when defendant refused to pay anything under these last two contracts because of the alleged fact that the first steel beam had been improperly installed.
Defendant now concedes that he has failed to prove any damages under his re-conventional demand. But he contends that he is entitled to a credit of $693.00, the cost of raising the first steel beam one foot higher than it had been installed by plaintiff. His complaint is that the beam was to be installed to permit a clearance of 10 ft. 1 in., whereas it actually permitted a clearance of only 9 ft. 1 in., and that plaintiff knew the first amount of clearance was necessary because the erection of a stage was contemplated under the beam, the floor of the stage to be 40 in. above the floor of the building.
The record reveals that the work was done in a building, on Bourbon Street in the City of New Orleans, occupied by a bar which the defendant desired to enlarge into a night club. The beam as installed allowed a clearance of only 5 ft. 9 in. between it and the stage floor making it impossible for normal sized persons to perform thereon. The stage was actually constructed, by persons other than plaintiff,, after the latter had completed its work under the first contract. Thus the only question before the court, and it is simply one of fact, is whether the first beam was installed at a proper height. The answer to that question turns upon the problem of whether plaintiff knew, or should have known, of the stage’s proposed location and the need for height at the time it installed the beam.
Three witnesses testified on behalf of plaintiff, two officials of the plaintiff corporation, who had discussed the matter with the defendant, and a Mr. Crais, building inspector for the City of New Orleans assigned to the work with which we are here concerned. The latter’s testimony is principally that the work as performed by plaintiff was properly done in accordance with the plan submitted and approved by the city and on the basis of which the permit had been issued.
The testimony of the other two plaintiff witnesses was that they had not been informed, and had no reason to know, while the work under the first contract was going on, that a stage was contemplated for the area under the beam; nor could they possibly have known the planned elevation of the stage floor above the floor of the club. The beam was to carry a considerable load and, according to their instructions, was to tie in with an existing wooden beam with which it would rest on the same post stanchion. In order to be flush with the old beam the newly installed steel beam would of necessity have to be the same height as the existing beam.
Defendant called four witnesses: himself, his business partner at the time of the contract and work, and two contractors. One of these contractors had reinstalled the beam and his testimony is restricted to that work and its cost. The other of these contractors was the person who noticed the lack of sufficient head room above the stage floor and called the same to defendant’s attention; his testimony is restricted to that one point.
The defendant and his partner testified that the position of the stage and the need for “head room” were known to plaintiff before work under the first contract had begun. They said that a plan, introduced in the record, and showing the position of the stage, had been drawn by plaintiff before the first contract was signed (this was denied by the two plaintiff witnesses). We note that this plan does not show elevations.
There is other testimony by all of the witnesses but we feel no need to discuss that testimony in detail. From a careful consideration of all the evidence, we are of the opinion that plaintiff performed the *580 work under the first contract in accordance with its instructions from the defendant and plaintiff did not know, nor should it have known, of the need or requirement to install the beam at any particular height for the purpose of allowing sufficient room for the construction of a stage under the beam or for any other reason.
We find no error in the judgment.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.